# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SYRIS T. BIRKLEY,**
       **Plaintiff,**

  v.                                                    Case No. 20-C-497

**LT JACKSON,**
**CO KAMINSKI, and**
**CAPTAIN CUNNINGHAM,**
       **Defendants.**

---

## ORDER

On June 3, 2020, I screened the complaint filed by *pro se* plaintiff Syris T. Birkley, a pretrial detainee confined at the Milwaukee County Jail, and allowed him to proceed on claims against Correctional Officer Kaminski and Captain Cunningham. ECF No. 9. The plaintiff filed a one-page document he labels "Amend of Complaint," in which he seeks to add other defendants to his case. ECF No. 11.

The plaintiff reiterates that he intends to sue the defendants in their individual and official capacities. He insists that defendant Kaminski deliberately used the fogger on him "saying it's policy." ECF No. 11. That allegation, by itself, is insufficient to suggest that Kaminski used excessive force pursuant to an official policy of Milwaukee County or the Milwaukee County Jail. For the same reasons explained in the previous order, the plaintiff may not proceed against any defendant in his official capacity. ECF No. 9 at 4–5.

The plaintiff alleges that Lieutenant Jackson, who I dismissed in the previous order, should be reinstated as a defendant because he was the first person to see the plaintiff after Kaminski used the fogger on him. Jackson allegedly denied the plaintiff's requests for medical care and a shower. The plaintiff also alleges that nurses at the Jail, who work

for a "priv[a]te entity" called "Well Path," were present. ECF No. 11. He alleges that the nurses, who refused to provide their names, should have "reverse the actions of Lt. Jackson dec[i]sion" not to provide the plaintiff treatment because they are medical professionals. *Id.* He asserts that their failure to treat him violated Jail policy to provide medical treatment and a shower to pretrial detainees when they are sprayed with a chemical compound. The plaintiff does not state the source of this "policy," nor does he allege how many nurses were present and failed to provide him treatment.

I previously dismissed Lieutenant Jackson as a defendant because the plaintiff did not allege enough to hold him liable as a bystander or as Kaminski's superior. The plaintiff does not add information sufficient to proceed against Jackson on either of those bases. But he does allege that Jackson was the first person to deny the plaintiff a shower or medical treatment after he was sprayed. Taking that allegation as true, Jackson acted unreasonably in not allowing the plaintiff medical attention or a shower after Kaminski used the fogger on him. Therefore, I will allow the plaintiff to proceed against Jackson under the Fourteenth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019); *Miranda v. Cty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018).

The plaintiff alleges that the nurses should have overridden Jackson's decision not to provide the plaintiff medical treatment. Individuals may be liable under § 1983 only if they cause or participate in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citing *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). The plaintiff alleges not that the nurses refused to treat him but that they followed Jackson's decision not to provide the plaintiff medical treatment. Nonetheless, "public officials have an obligation to follow the Constitution even in the midst of a contrary directive from a

2

superior or in a policy." *N.N. ex rel. S.S. v. Madison Metro. Sch. Dist.*, 670 F. Supp. 2d 927, 933 (W.D. Wis. 2009) (citing *Cherry v. Berge,* 2003 WL 23095796, *6 (W.D. Wis. June 26, 2003) (noting that prison officials may not assert a "'just following orders' defense under § 1983" to justify violations of the constitution). The nurses, therefore, may be liable for not at least attempting to step in and provide the plaintiff medical treatment.

But there is another issue. The plaintiff alleges that the nurses worked for a private entity. A suit under § 1983, however, may be brought only against government officials or employees or individuals who acted "under color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). A private party may act under color of state law only when the party "acted together with . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

The plaintiff does not allege a basis for concluding that the nurses acted under color of state law when they refused to treat the plaintiff. It is possible, even likely, that Well Path has contracted with the Milwaukee County Jail to provide medical services for inmates. And the plaintiff alleges that the nurses were present at the Jail with Jackson and the other defendants, even though he alleges the nurses are not Jail employees. It is therefore unclear from the complaint, and the plaintiff "can[not] be charged fairly with knowing," whether the nurses and Well Path have contracted to provide treatment sufficient to make the nurses state actors in this lawsuit. *See Rodriguez*, 577 F.3d at 830. I will assume, only for the purposes of screening, that the nurses were acting under color of state law when they failed to treat the plaintiff and will allow his claim against them to proceed. I will therefore add John or Jane Doe nurses as defendants in this case. The

plaintiff will be required to use discovery to discern whether the nurses were state actors at the time and are proper defendants in this suit.

Because the plaintiff does not know the names of the nurses, he must use discovery to learn their names. After the defendants' attorney files an appearance in this case, the plaintiff may serve discovery on the defendants (by mailing it to their attorney at the address in his or her notice of appearance) to get information that will help him identify the real names of the John or Jane Doe nurses. For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or request documents under Fed. R. Civ. P. 34.

After the plaintiff identifies the real names of the John or Jane Doe nurses, he must file a motion to substitute the real names for the John Doe placeholders. Once the plaintiff identifies the John or Jane Doe nurses, and those defendants have an opportunity to respond to the complaint, the court will issue a scheduling order setting deadlines for the completion of all other discovery and for filing dispositive motions. The plaintiff should not start the process for all other discovery until after all the defendants have been identified, have filed their answer, and the court has issued a scheduling order.

The plaintiff must identify the real names of the John or Jane Doe nurses **within sixty days** of the defendants' attorney filing an appearance, or file a letter explaining why he is unable to do so. If he does not do either of these things, the court may dismiss the claim against the John or Jane Doe nurses based on the plaintiff's failure to pursue it diligently. Civil L. R. 41(c).

The plaintiff may not proceed on a claim that the defendants violated the alleged policy to provide pretrial detainees medical attention after they have been sprayed with a chemical agent. Section § 1983 protects only against constitutional violations, not violations of Jail regulations, practices, or policies. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

**IT IS THEREFORE ORDERED** that Lieutenant Jackson is **ADDED** as a defendant in this case.

**IT IS FURTHER ORDERED** that John or Jane Doe nurses are **ADDED** as defendants in this case. The plaintiff must identify the real names of the John Doe defendants **within sixty days** of the defendants' attorney filing an appearance, or file a letter explaining why he is unable to do so. If he does not do either of these things, the court may dismiss the claim against the John or Jane Doe nurses based on the plaintiff's failure to pursue it diligently. Civil L. R. 41(c).

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on Lieutenant Jackson. It is **ORDERED** that, under the informal service

5

Case 2:20-cv-00497-LA    Filed 06/24/20    Page 5 of 6    Document 14

agreement, Lieutenant Jackson shall file a responsive pleading to the complaint within sixty days.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2020.

            s/Lynn Adelman_____
            LYNN ADELMAN
            United States District Judge