UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,
        Plaintiff,

v.                                       Case No. 20-C-497

LT JACKSON,
CO KAMINSKI,
CAPTAIN CUNNINGHAM,
JANE/JOHN DOE NURSES,
CO HOOKS, CO STARKS,
and CO KALLIE,
        Defendants.

## ORDER

On June 3, 2020, I screened the complaint filed by *pro se* plaintiff Syris T. Birkley, a pretrial detainee confined at the Milwaukee County Jail, and allowed him to proceed on claims against Correctional Officer Kaminski and Captain Cunningham. ECF No. 9. The plaintiff amended his complaint, which I screened and allowed him also to proceed against Lieutenant Jackson and John or Jane Doe nurses. ECF No. 14.

The plaintiff now seeks to amend his complaint a second time. ECF No. 15. Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course. Any further amendments require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The plaintiff has not requested permission to amend his complaint and has only submitted the proposed amended complaint. *See* Civil L. R. 15(b). I will liberally construe the plaintiff's filing as a motion to amend his complaint with the proposed document. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (reinforcing that district courts must "take appropriate measures to permit

the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds").

The plaintiff briefly reiterates his claims against the existing defendants. He also states that he wishes to add a "'retaliation claim' against to new above defendant's [sic]." ECF No. 15 at 2. The plaintiff alleges that after he refused to take a COVID-19 test, Lieutenant Jackson told Correctional Officer Kallie, "Thats the little punk that's suing me what ever he do you call me [sic]." *Id.* The plaintiff wrapped up in his blanket, and Officer Kallie falsely told Jackson that the plaintiff was going to commit suicide. Jackson came to the plaintiff's cell with his taser out and said, "[Y]ou bitch you trying to sue me," before ordering the plaintiff to submit to restraints. Jackson then sprayed the walls of the plaintiff's cell with mace. Guards entered the cell, stripped the plaintiff naked, and placed him in a gown and into a wheelchair for two hours. The officers then left him in a cell without a sleeping mat until a different, unnamed lieutenant brought the plaintiff a mat and told him that Jackson "shouldn't did that." *Id.* Jackson falsified the incident report about the events. The plaintiff also alleges that Correctional Officer Hook denied him a kosher breakfast and lunch on one day in June 2020 and that Correctional Officer Stark forced him to go forty-eight hours without a shower, recreation, or phone.

The plaintiff seeks to add a claim of retaliation against Jackson. To state a claim of retaliation under the First Amendment, the plaintiff must allege that "he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010), and *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff alleges that Jackson

2

maced him, ordered him stripped naked and moved to another cell, and refused to give him a sleeping mat because he previously filed this lawsuit against Jackson. The filing of a federal lawsuit is protected activity. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015) (citing *Hasan v. U.S. Dep't of Labor,* 400 F.3d 1001, 1005 (7th Cir. 2005)). And the plaintiff sufficiently alleges that Jackson knew about this lawsuit and took extreme actions against him at least in part because of it. I will allow the plaintiff to amend his complaint and proceed on a First Amendment claim of retaliation against Jackson. The second amended complaint (ECF No. 15) shall be the operative complaint in this matter against all defendants. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading.").

The plaintiff also asserts that Officer Kallie retaliated against him. But he does not allege that Kallie had any existing knowledge of this lawsuit and acted based on that knowledge. He alleges that Kallie reported to Jackson, albeit falsely, based on Jackson's orders to do so. He fails to show that Kallie's actions were connected to his protected activity of filing this lawsuit. I will not allow the plaintiff to proceed on a retaliation claim against Kallie.

Nor will I permit the plaintiff to proceed against Officer Hooks or Starks. While multiple claims against a single party are fine, a plaintiff cannot bring *unrelated* claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are

common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The plaintiff alleges that Officers Hooks and Starks denied him a religious diet and forced him to go for two days without a shower or recreation time. These claims are unrelated to his claims against the existing defendants or his First Amendment claim against Jackson and do not share any common questions of law or fact with those claims. If the plaintiff wishes to bring a lawsuit about these claims, he must file them in a new complaint and will be required to pay a separate filing fee. *See George*, 507 F.3d at 607.

**IT IS THEREFORE ORDERED** that the plaintiff shall be allowed to proceed against Lieutenant Jackson on his claim of retaliation under the First Amendment. Jackson must respond to this claim within sixty days of this order.

**IT IS FURTHER ORDERED** that defendants CO Hooks, CO Starks, and CO Kallie are **DISMISSED**. The plaintiff is not permitted to proceed on his claims against these defendants in this lawsuit.

**IT IS FURTHER ORDERED** that the plaintiff's second amended complaint (ECF No. 15) is the operative complaint in this case.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2020.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge
