# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SYRIS T. BIRKLEY,
also known as
O'SYRIS LORD BIRK-ALI-EL,

    Plaintiff,

v.                                                                   Case No. 20-CV-497

LT. JACKSON, *et al.*,

    Defendants.

## ORDER

    Plaintiff Syris T. Birkley, also known as O'Syris Lord Birk Ali-El, moves to substitute a defendant in this action and has submitted an amended complaint on which he seeks to proceed. (ECF Nos. 53, 54 & 56.)[1] He wants to substitute correctional officer Joshua Mikulecky in place of Danial Kaminski because he has learned through discovery that it was Mikulecky, not Kaminski, who allegedly used excessive force against Birkley. (ECF No. 53 at 1.) The defendants have not responded to or opposed the motion. Because both Mikulecky and Kaminski are alleged to be correctional officers at the Milwaukee County Jail, and the claims against Mikulecky are the same ones on which the plaintiff is already proceeding, the defendants should

---

[1] Birkley submitted the same proposed amended complaint twice eleven days apart. As far as I can tell, the documents are identical.

not be prejudiced by this substitution. I will therefore **GRANT** the plaintiff's motion and substitute correctional officer Joshua Mikulecky in place of Danial Kaminski.

Birkley also seeks to amend his complaint to add several new defendants. (ECF Nos. 54 & 56.) He says he learned through discovery that an additional nurse named Myra Rocha "stood by and refuse to treat/care my injuries cause by C.E.R.T." (ECF No. 54 at 2.) He also seeks to add Captain Michael Hannah, who he alleges was the supervising captain at the time of the events alleged in the plaintiff's previous complaints. (*Id.* at 3.) The plaintiff alleges Hannah allowed defendant Jackson and the nurses "not to provide me care/shower to treat my injuries knowing law, policy and procedures to take." (*Id.*)

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Birkley has been allowed to amend his complaint twice before (ECF Nos. 14 & 16), so he may not amend again as a matter of course. He instead may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The defendants have not consented to the amended complaint, but neither have they opposed it. The Rule instructs courts to "freely give leave when justice so requires." *Id.* Nonetheless, district courts retain discretion whether to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

2

Case 2:20-cv-00497-NJ   Filed 03/31/21   Page 2 of 4   Document 57

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court most recently allowed Birkley to amend his complaint on June 30, 2020. On November 17, 2020, I entered the scheduling order instructing the parties to complete discovery by April 16, 2021. (ECF No. 43.) Although Birkley suggests he learned during discovery about these new defendants, he does not explain why he waited until only a month before the deadline to complete discovery to ask to add these new defendants. Simply put, it is too late for the plaintiff to amend his complaint to add these new claims and defendants. Allowing the amendment would significantly prejudice the defendants and delay this case only two weeks before discovery has concluded. I will **DENY** Birkley's request to amend his complaint to add these defendants and claims.

Birkley also seeks to add as defendants the insurance companies who represent the nurses he sues (Bonnie Litrenta and Megan Moore) and the Wisconsin Injured Patients and Families Compensations Fund. (ECF No. 53 at 1–2; ECF No. 54 at 3, 5–7.) Wisconsin law allows plaintiffs to directly sue a defendant's insurance company but only in negligence claims brought under Wisconsin law. *See Shaw v. McQueeney*, No. 20-C-483, 2021 WL 1115895, at *1 (E.D. Wis. Mar. 10, 2021) (citing Wis. Stat. 632.24 and *Land O'Lakes v. Joslin Trucking, Inc.*, No. 08-CV-355-BBC, 2008 WL 5205910, at *2 (W.D. Wis. Dec. 11, 2008) ("Plaintiff cannot assert a direct action suit under Wisconsin law against an insurer unless it is suing on a state law negligence claim.")). Similarly, a plaintiff may sue the Wisconsin Injured Patients

3

and Families Compensation Fund only under Wisconsin law. *Id.* (citing Wis. Stat. 655.27(5) and *Kaiser v. Monroe Clinic, Inc.*, No. 19-CV-315-JDP, 2020 WL 4364179, at *4 (W.D. Wis. July 30, 2020) ("[A]s the Fund points out, it can be sued only under Wisconsin law.")). Birkley is proceeding on only federal claims in this lawsuit; the court has not permitted him to proceed on any state-law claims. He therefore cannot add the nurse's insurers or the Wisconsin Injured Patients and Families Compensation Fund as defendants in this case.

**IT IS THEREFORE ORDERED** that Birkley's request to substitute correctional officer Joshua Mikulecky in place of Danial Kaminski (ECF No. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that Birkley's proposed amended complaint (ECF Nos. 54 and 56) is **STRICKEN**. The second amended complaint (ECF No. 15) remains the operative complaint.

Dated in Milwaukee, Wisconsin, this 31st day of March, 2021.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge